IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| PHILLIP G. WEISS and<br>MANLEY MONUMENTS, INC., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 3:19-CV-3118<br>) |
| LOGAN COUNTY CEMETERY<br>MAINTENANCE DISTRICT, an<br>Illinois local body politic, | )<br>)<br>)<br>) |
| Defendant. | ) |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Motion to Dismiss Amended Complaint (d/e 14) filed by Defendant Logan County Cemetery Maintenance District. Because the Amended Complaint states an equal protection and a tortious interference with prospective economic advantage claim, the Motion is DENIED.

**I. JURISDICTION**

This Court has federal question jurisdiction over Count I because that Count alleges a claim arising under the Fourteenth

Amendment to the United States Constitution and brought pursuant to 42 U.S.C. § 1983.  See 28 U.S.C. ' 1331.  The Court has supplemental jurisdiction over Count II, which alleges a state law claim arising from the same general set of facts.  See 28 U.S.C. ' 1367(a).  Venue is proper because Defendant resides within the District and a substantial part of the events or omissions giving rise to the claim occurred within the District. 28 U.S.C. § 1391(b)(1), (b)2).

## II. LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint.  Christensen v. Cty. of Boone, Ill., 483 F.3d 454, 458 (7th Cir. 2007).  To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing he is entitled to relief and giving the defendant fair notice of the claims. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

When considering a motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in plaintiff's favor.  Id. However, the complaint must set forth facts that plausibly

demonstrate a claim for relief.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007).  A plausible claim is one that alleges factual content from which the Court can reasonably infer that the defendant is liable for the misconduct alleged.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a cause of action.  Id.

### III. FACTS ALLEGED IN THE COMPLAINT

The following facts come from the Amended Complaint and are accepted as true at the motion to dismiss stage.  Tamayo, 526 F.3d at 1081.

Plaintiff Philip G. Weiss is one of the owners of Weiss Monument Works, a family-owned business that has fabricated, sold, and installed cemetery monuments and grave markers in Illinois for over 85 years.  Mr. Weiss has developed a substantial clientele and a profitable business and has a reputation as a competent, dependable, honest businessperson.

In 2004, the Weiss family purchased Manley Monuments, Inc. (Manley) in Lincoln, Illinois, in an effort to expand their business.

Manley operates a cemetery monument fabrication and sales business in Logan County.

The operation and maintenance of public cemeteries in Logan County is carried out by Defendant Logan County Cemetery Maintenance District (District) and its governing body, the Board of Trustees, in accordance with the provisions of the Illinois Cemetery Maintenance District Act, 70 ILCS 105/1.1 et seq.  Before Manley can place a monument on a grave site for one of its customers in Logan County, Manley must first construct a foundation at the grave site upon which the monument can sit.  Permission to construct such a foundation must be obtained from the District before Manley or any of its similarly situated competitors in Logan County can construct such foundation in a Logan County public cemetery.

The District's Board of Trustees has adopted and promulgated rules and regulations providing that the District will only approve foundation orders and mark out the designated location of the foundation at periodic intervals, no more than three or four times a year.  Plaintiffs allege that the District has a custom and policy of enforcing the District's rules and regulations governing the

processing and approval of foundation orders only against Manley and only approving Manley's foundation orders and marking out the approved foundation locations for Manley's monument and markers no more than two or three times a year.  The same officers and employees of the District have waived this requirement for all of Manley's similarly situated competitors in Logan County by always approving the competitors' foundation orders and marking out the foundation locations on an "as submitted" basis at any time throughout the year.  Plaintiffs allege that officers and/or employees with final policymaking authority, including Tim Skelton, Superintendent of Cemeteries for the District, adopted, maintained, and carried out this custom, policy, and/or practice solely for the improper and illegitimate purpose of driving Manley out of business and not for any legitimate object or purpose of the District.

As a result of the District's custom or policy, Manley has been unable to obtain foundation order approvals and have the foundation locations marked out on the same "as submitted" basis as Manley's similarly situated competitors, thereby impairing Manley's business goodwill and causing Manley to lose customers, revenue, and profits.

In Count I, Plaintiff alleges that the District's custom, policy, and/or practice violated Plaintiffs' right to equal protection of laws in violation of the Equal Protection Clause of the Fourteenth Amendment. Plaintiffs seek an injunction enjoining the District from continuing to carry out its custom, policy, or practice of intentional and purposeful unequal enforcement of the District's rules and regulations governing the processing and approval of foundation orders and to require the District to process and approve Manley's applications on the same "as submitted" basis as all other similarly situated cemetery fabrication and sales businesses in Logan County. Plaintiffs also seek compensatory damages and attorney's fees and costs.

In Count II, Plaintiffs allege that the District interfered with Plaintiffs' prospective economic advantage. Manley had a valid business relationship with a number of clients, including Dee Roland as representative of the Estate of Deloris Oller. The District had actual knowledge that the clients were customers of Manley because the process of interring a loved one in a Logan County public cemetery and installing a monument or grave marker necessarily involves the District.

The District purposefully and wrongfully interfered with the business relationships Manley had with its clients by approving and processing Manley's foundation orders in strict accordance with the District's stated policy of handling such requests only three or four times a year while approving and processing the foundation orders of the other local monument companies on an "as submitted" basis. The District knew that Manley's clients would become dissatisfied, terminate their orders with Manley, and take their business to competing monument companies who were able to place the monuments and grave markers in drastically shorter periods of time due to the District's custom or policy of unequal and anti-competitive enforcement of the District's rules. Manley's clients would not have terminated their orders with Manley but for the District's interference with the timely processing and approval of foundation orders submitted by Manley on behalf of its clients.

The District's acts have caused Manley to suffer a loss of good will, the loss of business income and profits, and to incur an unwarranted reputation for being inferior to other monument companies doing business in Logan County. Plaintiffs seek compensatory damages, punitive damages, an injunction against

the District's continuing intentional and wrongful interference with the business relations of Plaintiffs, attorney's fees, and costs.

## IV. ANALYSIS

The District moves to dismiss both Counts for failure to state a claim.

### A. Count I Adequately Pleads a Cognizable "Class of One" Equal Protection Claim

The Equal Protection Clause of the Fourteenth Amendment guards against government discrimination on the basis of race, sex, national origin and other class-based distinctions Geinosky v. City of Chicago, 675 F.3d 743, 747 (7th Cir. 2012). The Equal Protection Clause has also been interpreted to protect individuals from "so called 'class-of-one' discrimination in which a government arbitrarily and irrationally singles out one person for poor treatment." Brunson v. Murray, 843 F.3d 698, 705 (7th Cir. 2016).

To state an equal protection claim on a class-of-one theory, a plaintiff generally must allege that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Whether a class-

of-one plaintiff must also allege that the government officials acted with hostile intent or animus is unresolved in the Seventh Circuit. See Del Marcelle v. Brown Cty. Corp.,680 F.3d 887 (7th Cir. 2012) (en banc) (wherein one judge believed motive and intent had "no role at all" in a class-of-one suit; four judges believed a plaintiff must demonstrate the state actors acted for personal reasons with discriminatory intent and effect; and the dissenting four judges believed a plaintiff could rely on animus to prove the defendant's action lacked a rational basis).

This Court need not attempt to resolve the issue at this time because Plaintiffs have alleged an equal protection claim, including allegations of hostile intent or animus. Plaintiffs allege that the District intentionally treated Manley differently from the similarly situated business competitors in Logan County by only approving Manley's foundation orders two or three times a year while approving the foundation orders of Manley's competitors on an "as submitted" basis. Am. Compl. ¶ 14. Plaintiffs also allege that there was no rational basis for the difference in treatment because the District did so for the purpose of driving Manley out of business

and to favor Manley's competitors in Logan County and not for any legitimate government object or goal. Id. ¶¶ 14, 21.

The District argues that Plaintiffs failed to identify any similarly situated monument company that was treated differently by the District. However, Plaintiffs allege that all of Manley's competitors in the monument business in Logan County were similarly situated to Manley. Plaintiffs are not required to plead with any more specificity. See Miller v. City of Monona, 784 F.3d 1113, 1120 (7th Cir. 2015) (noting that the Seventh Circuit has repeatedly held that plaintiffs do not need to identify in their complaints specific examples of similarly situated persons); Geinosky, 675 F.3d at 748 n. 3 (noting that, even in a case where a plaintiff would have to identify a similarly situated person to prove his case, the plaintiff is not required to identify the person in the complaint, even under Iqbal and Twombly).

The District also argues that Plaintiffs' allegations are merely formulaic. Plaintiffs do not specify how or when it submitted a foundation order; how many times Plaintiffs submitted a foundation order; how long the District took to process its foundation orders; which competitors submitted foundation order; when the

competitors submitted the orders; or how long the approval process took.

The District cites no authority for such a requirement, and the Court finds none. Because Plaintiffs have sufficiently alleged a Section 1983 claim for intentional class-of-one discrimination in violation of the Fourteenth Amendment's Equal Protection Clause, the motion to dismiss Count I is denied.

**B. Count II States a Claim for Intentional Interference With Prospective Economic Advantage**

To state a claim for intentional interference with prospective economic advantage under Illinois law, a plaintiff must allege "(1) a reasonable expectancy of entering into a valid business relationship, (2) the defendant's knowledge of the expectancy, (3) an intentional and unjustified interference by the defendant that induced or caused a breach or termination of the expectancy, and (4) damage to the plaintiff resulting from the defendant's interference." Anderson v. Vanden Dorpel, 172 Ill.2d 399, 406-07 (1996); see also Foster v. Principal Life Ins. Co., 806 F.3d 967, 971 (7th Cir. 2015). In addition, the plaintiff must also allege that the defendant directed his behavior toward a third party. Boffa

Surgical Grp. LLC v. Managed Healthcare Assocs. Ltd., 2015 IL App (1st) 142984, ¶ 28.

The District first argues that Plaintiffs fail to state a claim because Plaintiffs only identify one specific customer and no other clients are mentioned. The District asserts that such generalized pleading fails to put the District on notice as to with whom the District allegedly interfered.

The extent to which a plaintiff has to plead the identities of the third parties is not entirely clear. In a case decided prior to Iqbal and Twombly, the Seventh Circuit held that the Federal Rules do not require that plaintiffs allege the specific third party or class of third parties with whom they claim to have a valid business expectancy. Cook v. Winfrey, 141 F.3d 322, 328 (7th Cir. 1998). The Court need not decide whether Iqbal and Twombly change this analysis, however, because, in this case, Plaintiffs identify a specific person, Dee Roland, as well as a specific class of persons: clients who agreed to pay Manley to manufacture and install monuments or grave markers for the deceased loved ones who were to be interred in a Logan County public cemetery operated or maintained by the District. This is sufficient. See Downers Grove Volkswagen

v. Wigglesworth, 190 Ill. App. 3d 524, 529 (1989) (holding that a plaintiff "must plead facts to show interference of a business relationship with specific third parties or an identifiable prospective class of third persons").

The District next argues that Plaintiffs allege that a governmental entity should be liable for its enforcement of its rules and regulations if that enforcement leads to unsuccessful business dealings. The District asserts that this result is "nonsensical" and runs contrary to the elements of the cause of action. Def. Mem. at 7. Plaintiffs claim that this is a distortion of the allegations in Count II, which alleges a custom or policy of unequal and anti-competitive enforcement of the regulations which allowed Manley's competitors to construct the foundation and place monuments in drastically shorter time periods. The Court agrees with Plaintiffs that the District misconstrues Plaintiffs' claim and will not dismiss Count II on this basis.

Finally, the District argues that Plaintiffs have failed to allege that the District directed its conduct toward the third party with whom Plaintiffs expected to do business. According to the District, all of the District's alleged actions were directed toward Manley.

Plaintiffs respond that they have alleged that the foundation orders were filed on behalf of Manley's clients. Plaintiffs assert that the District's wrongful, unequal, and anti-competitive actions with regard to the processing of the foundation orders were necessarily directed towards Manley's clients on whose behalf Manley submitted the orders.

The Court finds Plaintiffs have sufficiently alleged that the District directed its conduct toward third parties. Contact with the third party is not required so long as the action is "directed in the first instance at the third party." Schuler v. Abbott Laboratories, 265 Ill. App. 3d 991, 994 (1993) (finding no action directed at a third party where the defendant merely told the plaintiff that defendant would seek to enforce the non-competition agreement in court). The Court recognizes that an impact on the third party is insufficient. Boffa Surgical Grp. LLC v. Managed Healthcare Assocs. Ltd., 2015 IL App (1st) 142984, ¶ 28 (finding that defendants' conduct of not offering plaintiff membership in defendants' network was insufficient to allege conduct directed at third parties, even if that conduct was likely to dissuade other physicians from making referrals to plaintiff or dissuade patients

from using plaintiff's services). However, Plaintiffs allege more than just an impact on its clients here.

Plaintiffs allege that the foundation orders are submitted by Manley on behalf of its clients. Am. Compl. ¶ 29. By only approving orders submitted on behalf of Manley's clients a few times a year, the District is directing its conduct at those clients. See, e.g., Beesen-Dwars v. Morris, No. 06 C 5595, 2007 WL 2128348, at *9-10 (N.D. Ill. July 24, 2007) (finding the defendants directed their conduct at a third party where the defendants' conduct substantially impaired the plaintiff's ability to "complete critical, time-sensitive work on behalf of her client" and the conduct directly harmed the client). Therefore, Count II states a claim.

## V. CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss Amended Complaint (d/e 14) is DENIED. Defendant shall file an answer to the Amended Complaint on or before October 15, 2019.

**ENTERED: September 30, 2019**

**FOR THE COURT:**

      *s/Sue E. Myerscough*
      **SUE E. MYERSCOUGH**
      **UNITED STATES DISTRICT JUDGE**