E-FILED
Wednesday, 18 May, 2022  04:01:37 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| PHILIP G. WEISS and MANLEY MONUMENTS, INC., an Illinois Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 19-3118 |
| LOGAN COUNTY CEMETERY MAINTENANCE DISTRICT, | ) ) ) | |
| Defendant. | ) ) ) | |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

Before the Court is Defendant Logan County Cemetery Maintenance District's (the "District") Motion for Summary Judgment (d/e 51). Because Plaintiffs cannot show that Defendant intentionally treated Plaintiffs less favorably than other similarly situated businesses, Defendant's Motion (d/e 51) is GRANTED as to Count I. Additionally, the Court declines to further exercise supplemental jurisdiction over Plaintiffs' state law claim, so Count II is DISMISSED without prejudice.

## I.   FACTS

The Court draws the following facts from the parties'
statements of material facts, taking into account each party's
objections thereto.  The Court discusses material factual disputes, if
any, in its analysis.  Any fact submitted by any party that was not
supported by a citation to evidence will not be considered by the
Court.  <u>See</u> Civ. LR 7.1(D)(2)(b)(2).  In addition, if any response to an
allegedly disputed fact is unsupported by evidentiary
documentation, that fact is deemed admitted.  <u>Id.</u>

Plaintiffs are Philip Weiss ("Weiss") and Manley Monuments,
Inc. ("Manley") (collectively, "Plaintiffs"), which is a subsidiary of
Weiss' larger company, Weiss Monument Works, Inc.  Undisputed
Material Facts (d/e 52) at ¶ 1.  Defendant is the Logan County
Cemetery Maintenance District (the "District" or "Defendant"), a
municipal entity formed and operated by Logan County, Illinois.  <u>Id.</u>
at ¶ 7.  The District is operated by a Board of Directors that creates
policies, which are carried out by the District's Superintendent, for
the operation of the 42 cemeteries the District oversees. <u>Id.</u> at ¶¶ 8–
9, 12, 15–16.

One of these policies in effect in 2018 requires all monuments, e.g., headstones and other grave markers, to have foundations installed by monument companies like Manley.  Id. at ¶¶ 14, 18. The sites of each monument within each cemetery must also be "located" by the Superintendent by marking the gravesite for the appropriate monument company.  Id. at ¶ 14.  Monument companies are not allowed to enter a cemetery to pour the monument foundation until the gravesite is located.  Id.  The Superintendent is the only employee of the District who can fulfill location requests submitted by monument companies across all 42 cemeteries.  Id. at ¶ 13.

On or about August 14, 2018, Bernard Cox, the store manager at Manley, submitted to the District a location request for approximately six monument foundations.  Id. at ¶ 35.  The District Superintendent responded by stating that he would complete the request within a week.  Id.  The parties do not specify the length of delay in fulfilling Plaintiffs' submitted requests which Plaintiffs allege was a violation of law.  The parties do not dispute, however, that Plaintiffs did experience a delay in monument location by Defendant, other monument companies experienced the same

delay, and one company, Dena Memorials, experienced either less of a delay or no delay at all.  Id. at ¶¶ 34–35, 38; Disputed Material Facts (d/e 53) ¶¶ 36–37, 52.

On April 5, 2019, Plaintiffs sued Defendant in the Circuit Court of the Sixth Judicial Circuit of Illinois, Logan County, case number 2019-L-4.  Notice of Removal (d/e 1).  Plaintiffs alleged a violation of 42 U.S.C. § 1983 and a violation of Illinois tort law of interference with prospective economic advantage.  Id.  Defendant removed that suit to this Court pursuant to 28 U.S.C. § 1446 on May 2, 2019.  Id.

On June 10, 2019, Plaintiffs filed an Amended Complaint. (d/e 10).  Count I of the Amended Complaint alleges that Defendant violated Plaintiffs' rights under the Fourteenth Amendment's equal protection clause, 42 U.S.C. § 1983, and Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978).  Count II alleges that Defendant tortiously interfered with Plaintiffs' prospective economic advantage in violation of Illinois state law. Defendant now moves for summary judgment on both Counts.  See (d/e 53).

## II.   JURISDICTION

The Court has subject matter jurisdiction over Count I of

Plaintiffs' Amended Complaint because Count I is a claim of the

deprivation of constitutional rights under 42 U.S.C. § 1983.  See 28

U.S.C. § 1331; see also 28 U.S.C. § 1343(a)(3) ("The district courts

shall have original jurisdiction of any civil action authorized by law

to be commenced by any person to redress the deprivation, under

color of any State law, statute, ordinance, regulation, custom or

usage, of any right, privilege or immunity secured by the

Constitution of the United States or by any Act of Congress

providing for equal rights of citizens or of all persons within the

jurisdiction of the United States.")  The Court has only

supplemental jurisdiction under 28 U.S.C. § 1367 over Count II of

Plaintiffs' Amended Complaint because it is a state law claim and

the parties are both Illinois residents.

## III.   LEGAL STANDARD

Summary judgment under Rule 56 is appropriate "if the

movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a).  On such a motion, the facts and all

reasonable inferences derived therefrom are viewed in the light most favorable to the non-moving party.  Scott v. Harris, 550 U.S. 372, 380 (2007); Blasius v. Angel Auto., Inc., 839 F.3d 639, 644 (7th Cir. 2016) (citing Cairel v. Alderden, 821 F.3d 823, 830 (7th Cir. 2016)).

A genuine dispute as to any material fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The moving party bears the burden of establishing that there is no genuine dispute as to any material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Modrowski v. Pigatto, 712 F.3d 1166, 1168 (7th Cir. 2013) (explaining that Rule 56 "imposes an initial burden of production on the party moving for summary judgment to inform the district court why a trial is not necessary" (citation omitted)).  The non-moving party must then go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial."  Anderson, 477 U.S. at 255 (quotation and footnotes omitted).  Summary judgment is warranted when the moving party carries its initial burden and the non-moving party cannot establish an essential element of its case on which it will bear the burden of proof at trial.  Kidwell v.

Eisenhauer, 679 F.3d 957, 964 (7th Cir. 2012).  "[S]ummary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events."  Johnson v. Cambridge Indus., Inc., 325 F.3d 892, 901 (7th Cir. 2003).

## IV.   ANALYSIS

Plaintiff's Amended Complaint alleges two counts.  Count I's Fourteenth Amendment equal protection claim alleges that Defendant treated Plaintiff's unfavorably and as a "class of one."  See Am. Compl. (d/e 10).  Count II alleges that Defendant interfered with Plaintiff's prospective economic advantage under Illinois law.  Id.

## A.   Plaintiffs cannot, as a matter of law, make out a class-of-one equal protection claim.

A municipal entity, like Defendant, "may be sued [under 42 U.S.C. § 1983] for constitutional deprivations visited [upon a plaintiff] pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels."  Monell, 436 U.S. at 690–91.  In this case, Plaintiff has alleged that Defendant violated Plaintiff's equal

protection rights under the Fourteenth Amendment by intentionally

treating Plaintiffs differently from others similarly situated.  See Am.

Compl.

The Equal Protection Clause of the Fourteenth Amendment

"gives rise to a cause of action on behalf of a 'class of one' where the

plaintiff d[oes] not allege membership in a class or group."  Vill. of

Willowbrook v. Olech, 528 U.S. 562, 564 (2000).  To prove such a

claim, a plaintiff must show "(1) that he has been intentionally

treated differently from others similarly situated, and (2) that there

is no rational basis for the difference in treatment."  Fares Pawn,

LLC v. Ind. Dep't of Fin. Insts., 755 F.3d 839, 845 (7th Cir. 2014)

(citing Olech, 528 U.S. at 564).[1]  To survive summary judgment,

Plaintiffs must show that there is a genuine dispute of material fact

as to either of the two prongs which Plaintiffs would bear the

burden of proving at trial.

Plaintiffs have not raised an issue of fact for trial regarding

disparate treatment of others similarly situated.  Under the

---

[1] While the law in the Seventh Circuit remains "in flux" regarding whether animus or intent is also an element to be proven in a Fourteenth Amendment class-of-one claim, Del Marcelle v. Brown Cty. Corp., 680 F.3d 887, 888 (7th Cir. 2012) (per curiam), because Plaintiff has not presented any evidence to raise a material dispute as to the "similarly situated" prong, the Court need not resolve the question of animus in this case.  Paramount Media Grp., Inc. v. Vill. of Bellwood, 929 F.3d 914, 920 (7th Cir. 2019).

"similarly situated" prong, Plaintiffs must show that Plaintiffs and their comparators are "prima facie identical in all relevant respect or directly comparable . . . in all material respects." <u>FKFJ, Inc. v. Vill. of Worth</u>, 11 F.4th 574, 588 (7th Cir. 2021). (quoting <u>D.S. v. E. Porter Cty. Sch. Corp.</u>, 799 F.3d 793, 799 (7th Cir. 2015)).  While the question of whether comparators are similarly situated is normally a question for a jury to decide, "a court may properly grant summary judgment where it is clear that no reasonable jury could find that the similarly situated requirement has been met." <u>D.S.</u>, 799 F.3d at 799–800 (quoting <u>McDonald v. Vill. of Winnetka</u>, 371 F.3d 992, 1002 (7th Cir. 2004)).

Plaintiffs argue that Dena Memorials is a similarly situated comparator.  However, Plaintiffs have not presented any evidence from which a jury could find that Dena Memorials was similarly situated to Plaintiffs' business in all material respects.  The only similarity between Plaintiffs and Dena from the record is that both businesses operated memorial monument services in Defendant's cemeteries.  Undisputed Material Facts (d/e 53) at ¶ 3.  Plaintiffs then argue that Plaintiffs were intentionally treated differently than

Dena Memorials, pointing only to the unspecified delay Plaintiffs experienced in Defendant fulfilling the gravesite location requests.

But general similarities such as the ones Plaintiffs submit are insufficient to clear the "very significant burden" a plaintiff must carry to introduce evidence that the other companies are "similarly situated in all relevant respects." RJB Props., Inc. v. Bd. of Educ. of City of Chicago, 468 F.3d 1005, 1010 (7th Cir. 2006). Moreover, as Plaintiffs admit, the delays Plaintiffs experienced were not confined to Plaintiffs; other monument companies also experienced delays in foundation locating. Pl.'s Resp. (d/e 53) p. 7. That fact is significant because Plaintiffs "can hardly claim [Plaintiffs were] targeted for discriminatory treatment when [other companies] were ultimately [treated the same way]." Reget v. City of La Crosse, 595 F.3d 691, 696 (7th Cir. 2010). The Court cannot find that the evidence Plaintiffs submit "allows a reasonable jury 'to eliminate any reasonably conceivable state of facts that could provide a rational basis for the classification.'" RJB Props., Inc., 468 F.3d at 1010 (quoting Discovery House, Inc. v. Consol. City of Indianapolis, 319 F.3d 277, 282 (7th Cir. 2003)). When the facts are viewed in the light most favorable to Plaintiffs, the Court finds that Plaintiffs

cannot establish the similarly situated prong of their class-of-one

equal protection claim.  Defendant's Motion for Summary Judgment

(d/e 51) is, therefore, GRANTED on Count I.  <u>Monarch Beverage</u>

<u>Co., Inc. v. Cook</u>, 861 F.3d 678, 682 (7th Cir. 2017) (In class-of-one

claims, "if the plaintiff can't identify a similarly situated person or

group for comparison purposes, it's normally unnecessary to take

the analysis any further; the claim simply fails.")

**B.     Plaintiff's remaining claim of tortious interference under Illinois state law is dismissed for lack of jurisdiction.**

Plaintiffs' remaining claim is that Defendant tortiously

interfered with Plaintiffs' prospective economic advantage in

violation of Illinois state law when Defendant delayed in locating

Plaintiffs' requested monument sites.  However, the Court declines

to exercise jurisdiction over that claim.

Under 28 U.S.C. § 1367(c), federal courts "may decline to

exercise jurisdiction over a claim" over which the court has

supplemental jurisdiction pursuant to 28 U.S.C. § 1332 "if the

district court has dismissed all claims over which it has original

jurisdiction."  The general rule in such cases "is that [the district

court] should relinquish jurisdiction over any supplemental . . .

state law claims in order to minimize federal judicial intrusion into matters of purely state law." Burrit v. Ditlefsen, 807 F. 3d 239, 252 (7th Cir. 2015) (quoting Carr v. CIGNA Secs., Inc., 95 F.3d 544, 546 (7th Cir. 1996)).  While federal courts may continue to exercise supplemental jurisdiction over pending state law claims, such cases are "unusual."  Id. (quoting Wright v. Associated Ins. Cos., Inc., 29 F.3d 1244, 1251 (7th Cir. 1994)).  A district court should only continue to exercise supplemental jurisdiction when the court, "in deciding a federal claim, decides an issue dispositive of a [supplemental] claim [and] there is no use leaving the [supplemental] claim to the state court." Wright, 29 F.3d at 1251.

Plaintiffs originally brought their suit in Illinois state court in the Circuit Court of the Sixth Judicial Circuit of Illinois, Logan County, on April 5, 2019.  See Notice of Removal (d/e 1).  Plaintiffs' claims in the original complaint in that case were the same as the claims Plaintiffs allege in their Amended Complaint.  Compare id. with Am. Compl. (d/e 10).  The Court has granted Defendant's Motion for Summary Judgment as to the only federal claim over which the Court has original jurisdiction without deciding any dispositive issue as to Plaintiffs' remaining state law claim.

Therefore, the Court, pursuant to § 1367 and the Seventh Circuit's general rule to avoid intrusion into matters of state law, declines to continue the exercise of supplemental jurisdiction over Plaintiffs' claim of tortious interference with prospective economic advantage. Count II is, therefore, DISMISSED without prejudice.

## V.    CONCLUSION

Plaintiffs' have not presented evidence from which a reasonable juror could conclude that Defendant intentionally treated other similarly situated businesses more favorably. Accordingly. Defendant's Motion for Summary Judgment (d/e 51) is GRANTED as to Count I of the Amended Complaint (d/e 10). Additionally, Plaintiffs' claim under Count II of the Amended Complaint is DISMISSED without prejudice for lack of jurisdiction. The Clerk is directed to enter judgment reflective of this order.  This case is closed.

**IT IS SO ORDERED.**
**ENTERED: May 18, 2022.**
**FOR THE COURT**

/s/ Sue E. Myerscough
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**